**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION**

**BIG IMPRESSIONS, L.L.C.**                                        **PLAINTIFF
COUNTER-DEFENDANT**

**vs.**                     **Case No. 4:09-CV-002 BSM**

**HEWLETT-PACKARD CO.**                                           **DEFENDANT
COUNTER-PLAINTIFF**

**ORDER**

Defendant/counter-plaintiff Hewlett-Packard Co. ("HP") moves for summary judgment (Doc. No. 21) on the claims of Plaintiff/counter-defendant Big Impressions, L.L.C. ("BI"). For the reasons set forth below, summary judgment is granted and BI's claims are dismissed.

**I. FACTS**

Viewing the facts in the light most favorable to BI, the non-moving party, the facts are as follows. BI purchased the assets of Digital POP Solutions ("DPS"), an Illinois company, on April 30, 2007. Affidavit of Scott Wallace, attached as Exhibit 2 to plaintiff's response to defendant's motion for summary judgment ("Pltf.'s resp."), ¶ 2; Letter attached as Exhibit 9 to Pltf.'s resp. As a part of this purchase, BI acquired a large HP Scitex FB 6700 printer that was vital to its business. Sales Agreement, attached as Exhibit 8 to plaintiff's response to defendant's motion for summary judgment, ¶ 2. Soon thereafter, BI contacted HP to inspect and maintain service on the printer. In early September 2007, HP tested and inspected the printer in DPS's Illinois office. Wallace affidavit, ¶ 7. HP recommended

replacement of the capping modules and 27 printer heads.  Wallace affidavit, ¶ 8-9.  HP represented that without the capping modules, the printer heads would be damaged and would not work correctly.  *Id*.  BI ordered the printer heads and capping modules.  Invoice attached at Exhibit A to Wallace affidavit; purchase order attached at Exhibit B to Wallace affidavit.

HP transported the printer from Illinois to Little Rock in October 2007, when HP began installing it in BI's Little Rock office.  Wallace affidavit, ¶ 6.  HP's installation of the printer stretched into February of 2008, partly because the capping modules ordered in September 2007 did not arrive until January 2008.  *Id*. at ¶¶ 19, 24.  By that time, all 42 printer heads were no longer in working condition.  Wallace affidavit, ¶ 11.  The damaged printer heads rendered the machine inoperable.  *Id*. at ¶ 25, 28.

BI sued HP on January 5, 2009, alleging tortious interference with a business expectancy, constructive fraud, and breach of implied covenants of good faith and fair dealing.  BI maintains HP knew about, and improperly interfered with, BI's agreement to purchase DPS's assets and to continue servicing its clients. It also argues that HP made several representations, in the course of a confidential relationship, that HP knew were not true.

## II. SUMMARY JUDGMENT STANDARD

"Summary judgment is proper if, after viewing the evidence and drawing all reasonable inferences in the light most favorable to the nonmovant, no genuine issues of

material fact exist and the movant is entitled to judgment as a matter of law." *Nelson v. Corr. Med. Servs.,* 533 F.3d 958, 961 (8 th Cir. 2008) (citing Fed. R. Civ. P. 56; *Brown v. Fortner*, 518 F.3d 552, 558 (8 th Cir. 2008)).

The moving party must demonstrate "an absence of evidence to support the non-moving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Once the moving party demonstrates that the record does not disclose a genuine dispute on a material fact, the non-moving party may not rest on mere allegations or denials of his pleading but must "come forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)). "The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007) (internal citation and quotation marks omitted).

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1985)). Plaintiff as the non-movant "must demonstrate a genuine issue of material fact, that is a dispute that might affect the outcome of the suit under the governing law, so that a reasonable jury could return a verdict for the nonmoving party." *Bloom v. Metro Heart Group of St. Louis, Inc.*, 440 F.3d 1025, 1029 (8th Cir. 2006) (internal citation

and quotation marks omitted).

In considering a motion for summary judgment, the court views the evidence and draws all reasonable inferences in the light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). It does not weigh the evidence or make credibility determinations. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008). The plain language of Rule 56, however, mandates the entry of summary judgment against a non-moving party who, after adequate time for discovery, fails to make a showing sufficient to establish the existence of an element essential to its case, and on which that party will bear the burden of proof at trial. *Celotex Corp.*, 477 U.S. at 322.

### III. DISCUSSION

What is extremely clear is that BI believes that HP's failure to repair its printer caused financial harm to BI. What is also extremely clear is that this is not a tort case and that nothing supports BI's claims of tortious interference and fraud. Moreover, although BI seems to be a sympathetic plaintiff, there are no issues of material fact in dispute that warrant a trial on the merits.

A.   <u>Tortious Interference with Business Expectancy</u>

Summary judgment is granted on BI's claim for tortious interference with a business expectancy because it cannot satisfy the elements of that cause of action. To prove that HP interfered with a business expectancy, BI must show that: (1) a valid contract or business expectancy existed between it and DPS's clients; (2) HP had knowledge of the relationship

or expectancy; (3) HP intentionally interfered in the relationship by inducing or causing a breach or termination of the relationship or expectancy; (4) HP's actions caused damage to BI; and (5) HP's actions were improper. *El Paso Production Co. v. Blanchard* 269 S.W.3d 362, 373 (Ark. 2007).

BI had no valid business expectancy to DPS's customers because these customers had no obligation to purchase products from BI. *See Deck House, Inc. v. Link*, 249 S.W.3d 817 (Ark. Ct. App. 2007) (dismissing a tortious interference claim where plaintiff's potential customers had an option not to purchase products from plaintiff). BI states that when it bought DPS's assets, it expected that it would continue to service DPS's customers. Pltf.'s resp., 7; Wallace affidavit, ¶ 45. Nothing in the record, however, indicates that BI had contracts or binding business expectancies with DPS's former clients. Indeed, BI admits that these were merely "prospective" customers. Compl., ¶ 33.

Further, in that there was no contract or business expectancy between BI and DPS's customers, the record is clear that HP had no knowledge of such a relationship. Finally, nothing in the record shows that HP's failure to timely repair the printer was intentionally done for the purpose of or causing a breach or termination of any relationship or expectancy that BI claims to have had.

B.   <u>Constructive Fraud</u>

Summary judgment is also granted on BI's claim for constructive fraud because nothing indicates that HP committed fraud. Constructive fraud requires proof that a

defendant breached a legal or equitable duty in a fraudulent manner, even if it did not intend to do so. *Evans Indus. Coatings, Inc. v. Chancery Court of Union County, Third Div.*, 870 S.W.2d 701, 703 (Ark., 1994). Any representations made by a defendant may be considered fraudulent if it knew they were false or asserted them to be true without sufficient knowledge. *Id.*

In support of its constructive fraud claim, BI asserts that HP promised to deliver capping modules for the printer to avoid damage to the printer heads, but that HP delivered the modules in January 2008, after damage to the printer heads had occurred. This allegation, even if true, does not establish fraud. Although HP's failure to timely deliver the modules may have resulted in damage to the printer heads, nothing indicates that HP breached a legal or ethical duty to BI or that HP made representations to BI that it knew were false or without sufficient knowledge as to whether they were true or false.

In support of its constructive fraud claim BI also states that HP represented that it would take two weeks to install the printer, but the installation actually took several months. This allegation, even if true, does not establish fraud. Even if HP failed to timely install the printer, tardiness is not fraud. Indeed, even if all of BI's allegations are true and HP has extremely poor customer service, that is not fraud.

C.   Breach of Implied Covenants of Good Faith and Fair Dealing

Summary judgment is granted on BI's claim for breach of implied covenants of good faith and fair dealing because Arkansas does not recognize a separate cause of action for

breach of these covenants. *Preston v. Stoops*, 285 S.W.3d 606, 609-610 (Ark. 2008); *See In re Price*, 403 B.R. 775, 794 (Bankr. E.D. Ark. 2009) (acknowledging that Arkansas does not recognize a cause of action (in contract or tort) for violation of the obligation to act in good faith).

## IV. CONCLUSION

HP's motion for summary judgment (Docket No. 21) is granted and BI's claims for tortious interference, constructive fraud, and breach of implied covenants of good faith and fair dealing are dismissed with prejudice.

IT IS SO ORDERED this 1st day of April, 2010.

_____
UNITED STATES DISTRICT JUDGE