## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

BIG IMPRESSIONS, L.L.C.                                    PLAINTIFF

v.                      CASE NO. 4:09-CV-00002 BSM

HEWLETT–PACKARD CO.                                    DEFENDANT

HEWLETT–PACKARD CO.                              COUNTERPLAINTIFF

v.

BIG IMPRESSIONS, L.L.C.                          COUNTERDEFENDANT

## <u>ORDER</u>

Pursuant to Federal Rule of Civil Procedure 59(e), Big Impressions, L.L.C. ("BI")

moves [Doc. No. 41] for reconsideration, vacation, or amendment of the April 1, 2010, order

[Doc. No. 37] granting summary judgment in favor of Hewlett–Packard Co. ("HP"). For the

reasons set forth below, that motion is denied.

A motion for reconsideration may be brought either (1) to correct manifest errors of

law, or (2) to present newly discovered evidence. *Innovative Home Health Care, Inc. v.*

*P.T.–O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998). BI argues that

either basis warrants reconsideration of each of its three claims.

### I. TORTIOUS INTERFERENCE

Summary judgment on BI's tortious interference claim was granted because, viewing

the evidence in the light most favorable to BI, it did not satisfy certain elements of that cause

of action, specifically (1) that BI had a valid business expectancy with regard to the former

clients of Digital POP Solutions ("DPS"), (2) that HP had knowledge of such a business expectancy, and (3) that HP's conduct was intentionally directed at causing a termination of such a business expectancy. In support of its motion to reconsider, BI produces seventeen purportedly newly discovered communications that allegedly demonstrate the existence of genuine issues of material of fact with respect to its claim of tortious inference. Newly discovered evidence alone, however, does not mandate reconsideration; the evidence must be both material (as opposed to cumulative or impeaching) and result-changing. *Stephens v. Rheem Mfg. Co.*, 220 F.3d 882, 886 (8th Cir. 2000). BI does not demonstrate how any of the newly discovered evidence mandates the amendment or vacation of the order granting summary judgment in favor of HP. Rather, the evidence at most cumulatively demonstrates the hapless nature of HP's customer service.

BI also argues that the order misstated Arkansas law regarding the contours of what is or is not a "business expectancy." As HP points out, however, that argument may not be timely, as the Eighth Circuit has held that Rule 59(e) motions cannot be used to "tender new legal theories or raise arguments which could have been offered or raised prior to entry of judgment." *See Innovative Home Health Care*, 141 F.3d at 1286. BI failed to brief this argument in its response to HP's motion for summary judgment and therefore it is untimely.

Although BI's new argument should be dismissed as untimely, it should also be denied on the merits because it fails to show that a "manifest error of law" occurred. *Id.* The essence of BI's new position is that Arkansas law protects both contractual and

noncontractual business expectancies along a continuum—with the former being afforded more protection than the latter—and requires the jury to "weigh the strength of the business relationship . . . against the strength of the alleged improper conduct." The basis for granting summary judgment on BI's tortious interference claim, however, was not the lack of a *contractual relationship* between BI and DPS's former customers, but rather (1) the lack of *any relationship* between them, (2) HP's lack of knowledge of such a relationship, and (3) BI's failure to produce proof that HP intended to interfere in such a relationship. Even if BI could prove that a reasonable juror could find in its favor if instructed according to the "continuum" doctrine, it has still failed to offer proof that a reasonable juror could find there was knowledge and intent. Therefore, no error of law was committed, and summary judgment in favor of HP was proper.

## II. CONSTRUCTIVE FRAUD

Summary judgment on BI's constructive fraud claim was granted because, viewing the evidence in the light most favorable to BI, it failed to prove that HP breached a legal or ethical duty to BI, or that HP made representations to BI without regard for their truthfulness. As with the tortious interference claim, none of the newly discovered evidence goes to a material fact necessary for this tort. Put simply, BI has not shown how any of the evidence attached to its motion for reconsideration mandates a different result. Neither has BI demonstrated a manifest error of law; it has merely reiterated that HP performed poorly with regard to meeting deadlines and repairing its products.

### III. BREACH OF THE IMPLIED COVENANTS OF GOOD
### FAITH AND FAIR DEALING

Summary judgment on BI's breach of implied covenants of good faith and fair dealing claim was granted because Arkansas does not recognize such a cause of action. BI argues that this is an erroneous statement of law, because "Arkansas law is positively replete with instances in which plaintiff after plaintiff was permitted to pursue claims of a breach of the contractually implied covenant of good faith and fair dealing *in the context of contractual claims*." Plaintiff's Brief in Support [Doc. No. 42] at 19 (emphasis added). Indeed all of the Arkansas cases cited in support of that statement involved suits for breach of contract. Moreover, none of those cases actually held that a claim for breach of the implied covenant of good faith and fair dealing was properly stated. To the contrary, the Arkansas Supreme Court has not yet ruled "whether a cause of action for breach of the covenant of good faith and fair dealing may be stated in contract." *Preston v. Stoops*, 285 S.W.3d 606, 610  (Ark. 2008) (Hannah, C.J., concurring). It has, however, definitively held that "there is no cause of action in tort for breach of the covenant of good faith and fair dealing." *Id.* In this case, BI did not sue for breach of contract.  It merely alleged theories of tort liability, specifically tortious interference with a business expectancy and constructive fraud. Thus, summary judgment on the claim of breach of the covenant of good faith and fair dealing was properly granted.

Accordingly, BI's motion for reconsideration [Doc. 41] is denied.

4

IT IS SO ORDERED this 29th day of September, 2010.

UNITED STATES DISTRICT JUDGE